HELEN K. MOFFAT, as Administratrix C. T. A. of the Estate of STANLEY M. MOFFAT, et al., Respondents, v. LOGAN CRESAP, Appellant.

First Department, October 30, 1969.

*William M. Bradner, Jr.,* of counsel (*Dunnington, Bartholow & Miller,* attorneys), for appellant.

*Edward D. Burns* of counsel (*Burns, Kennedy, Schilling & O'Shea,* attorneys), for respondents.

MARKEWICH, J. The underlying suit for declaratory judgment seeks enforcement by the administratrix *c. t. a.* and executrix of the estate of one Moffat, a deceased lawyer, of an agreement which had been entered into by him in his lifetime with his former associate in the practice of law. The agreement, entered into in 1964, stated the respective rights and obligations of the parties appertaining to their association, and provided in paragraph Third that "upon death * * * of either party, the

business which he shall have originated shall be handled by the other " and " that the continuing partner will pay from the fees received from such work to the   *   *   *   [deceased partner's] estate one third of the ' net fee ' after deducting   *   *   * overhead." It is recited in the complaint that two certain wills, drawn by Moffat in his lifetime and left at his office for safekeeping, had eventuated into estates handled by defendant after Moffat's death; that, as to these two estates (Vogeler and Ward), plaintiffs are entitled under the agreement to a third of the fees received; that other such wills drawn by Moffat constituted " business which originated with Moffat " and that plaintiffs are entitled to a similar share of fees received from these estates.  Declaratory judgment is sought accordingly. Defendant asserts in his answer that, as to the estate of Vogeler, whose will he and Moffat had drawn and in which Moffat was named executor, he was retained by Moffat after Vogeler's death as counsel and was continued as such by Moffat's successor as executor, and that he agrees to pay plaintiffs in accordance with the agreement when the fee for services in that estate shall have been paid.  However, as to the Ward estate, he denies that Moffat rendered any services at all, and that, in any event, and as to any of the other wills left at the office, services rendered to any estate are entirely distinct and apart from those rendered in the preparation of wills, and since " an executor under the will of a decedent is under no obligation or compulsion to retain as his attorney the attorney who drew the will or the attorney who has possession of the same ", " the future retainer of defendant by an executor under a will drawn by Moffat is a new retainer and is not ' business ' which ' originated ' with Moffat within the meaning   *   *   *   of the agreement "; accordingly, any payment to Moffat's estate would constitute " division of attorneys' fees with another attorney on a basis unrelated to a division of service and responsibility, in violation of Canon 34 of the Canons of Professional Ethics and of the public policy of the State of New York." Defendant counterclaims accordingly for a declaratory judgment absolving him of any liability to Moffat's estate save as to the Vogeler fee.

Special Term has granted plaintiffs' motion for summary declaratory judgment and has ordered an accounting, denying defendant's cross motion on his above-described first counterclaim, and severing an independent second counterclaim for services said to have been rendered by defendant to Moffat during the latter's lifetime.  The reply to the counterclaim agrees " that an executor under the will of a decedent is under no obligation or compulsion to retain as his attorney the attor-

ney who drew the will or the attorney who has possession of the same ".

On the facts as they are gleaned from the papers, while defendant admits an obligation in the Vogeler situation because of Moffat's participation in legal service, the Ward situation, as described by defendant and not contradicted by plaintiffs, falls squarely within the interdiction of Canon 34, as well as of rule V of the Special Rules Regulating Conduct of Attorneys (22 NYCRR 603.5) and payment to Moffat's estate of any part of the Ward compensation would be violative of public policy. Except to the extent, therefore, that division of fees received by defendant for estate work deriving from wills drawn by Moffat is in return for service rendered to the estate by Moffat, as distinguished from the drawing of the will itself, the agreement is not susceptible of enforcement. And, even though defendant claims to have returned to the testators all similar wills said to have been drawn by Moffat, there is the possibility that, should defendant be hereafter retained to handle the estate created by any such will, a similar claim might be advanced. Therefore, defendant is entitled to the protection that would be afforded by declaratory judgment.

The order entered January 15, 1969, granting plaintiffs' motion for summary judgment and denying defendant's cross motion for summary judgment should be reversed on the law, without costs and without disbursements, and plaintiffs' motion denied and that order vacated except to the extent that defendant's second counterclaim is thereby severed. Defendant's cross motion should be granted, awarding him judgment on his first counterclaim, relieving him from liability except as consented to, but limited to situations where Moffat performed no estate services, as distinguished from drawing wills, in his lifetime. Settle order accordingly.

STEVENS, P. J., McGIVERN and McNALLY, JJ., concur.

Order entered January 15, 1969, granting plaintiffs' motion for summary judgment and denying defendant's cross motion for summary judgment, is unanimously reversed, on the law, without costs and without disbursements, and plaintiffs' motion denied and that order vacated except to the extent that defendant's second counterclaim is thereby severed. Defendant's cross motion is granted, awarding him judgment on his first counterclaim, relieving him from liability except as consented to, but limited to situations where Moffat performed no estate services, as distinguished from drawing wills, in his lifetime. Settle order on notice.